**FIRST AMERICAN DEVELOPMENT GROUP/CARIB, LLC,**
Appellant/Plaintiff

v.

**WESTLB AG, ET AL., Appellees/Defendants**

S. Ct. Civ. No. 2010-0084

Supreme Court of the Virgin Islands

July 26, 2011

595

596

NAGESH V. TAMMARA, ESQ., Smock & Moorehead, St. Thomas, USVI, *Attorney for Appellant.*

GREGORY H. HODGES, ESQ., Dudley, Topper, and Feuerzeig, LLP, St. Thomas, USVI, *Attorney for Appellee WestLB AG.*[1]

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(July 26, 2011)

HODGE, C.J. Appellant First American Development Group/Carib, LLC appeals from the Superior Court's June 9, 2010 Opinion and Order appointing Richard Morawetz as receiver for properties owned by First American and mortgaged to Appellee WestLB AG, as well as an April 8, 2010 Order that reaffirmed the appointment of the receiver. For the reasons that follow, we will dismiss First American's appeal for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 2007, First American and WestLB entered into a loan and security agreement in which WestLB agreed to lend First American up to $61,600,000.00 to enable First American to construct a luxury fractional ownership resort, known as Pond Bay, in St. John, U.S. Virgin Islands. As security for the repayment of this loan, First American also

---

[1] Although numerous appellees are listed as part of the case caption, only WestLB AG has filed an appellate brief or otherwise participated in this appeal.

entered into a mortgage agreement with WestLB in which it provided WestLB with a first priority mortgage and construction security interest in the Pond Bay property and assigned various others interests to WestLB, including a security interest in the collateral pledged to secure repayment of the loan, as well as an assignment to all permits, government approvals, and architectural and engineering plans related to Pond Bay.[2] In addition to WestLB's loan, First American secured an equity contribution from Arcapita, Inc. — a Bahraini bank — to fund the remaining costs of the project.

Pursuant to the loan agreement, the Pond Bay project was scheduled to be completed on May 19, 2009. But although construction had begun in 2008 and continued into 2009, representatives of First American and WestLB, after meeting on April 1, 2009, set the completion date back to November or December 2009 because additional funding beyond that provided in the loan agreement was necessary to continue work. Thus, from April 2009 through October 2009, First American and WestLB, together with representatives from Arcapita, Glass Ratner Advisory & Capital Group LLC — a firm Arcapita and First American hired to assist them with restructuring the budget of the Pond Bay project in order to obtain additional financing — and Alvarez & Marshal — a firm hired by WestLB to provide it financial advice and consulting services — discussed possible ways to complete the project despite the shortfall. While negotiations were ongoing, WestLB, in a June 26, 2009 letter, notified First American that the loan was not "In Balance" because the $61,600,000.00 would not be sufficient to complete the Pond Bay project. On July 14, 2009, WestLB again sent First American a letter stating that the loan was almost fully funded and that there was an expected shortfall of $12,654,386.96.

Ultimately, for reasons the parties heavily dispute, the negotiations were not successful.[3] Although WestLB paid a $500,000.00 "protective payment" to various subcontractors in order to ensure that work on the

---

[2] In addition, the mortgage agreement assigned to WestLB all of First American's right, title, and interest in and to all (1) leases, licenses, concessions, and occupancy agreements relating to or concerning Pond Bay; and (2) names under which any portion of the Pond Bay property may be operated, including all trademarks, trade names, and patents.

[3] During the Superior Court proceedings, First American maintained that WestLB did not negotiate in good faith, whereas WestLB contended that First American never responded to

Pond Bay project would continue, several liens were filed against the Pond Bay property beginning on September 25, 2009, which, according to WestLB, exceed $7,000,000.00. Around this same time, WestLB filed an application with the Division of Coastal Zone Management ("CZM") to have First American's permit for the Pond Bay project assigned or transferred to WestLB. According to First American, WestLB failed to provide it with any notice of this application. As a result of the parties' failure to provide sufficient funds, various subcontractors ceased work on the Pond Bay project on November 9, 2009, eventually resulting in construction being suspended.

On November 12, 2009, WestLB sent a letter to First American formally notifying it that it was in default under the loan agreement, and demanding that all unpaid principal, accrued interest, and other charges be immediately paid. In addition, the November 12, 2009 letter notified First American of WestLB's intent to seek appointment of a receiver. The following day, WestLB filed an action for foreclosure in the District Court of the Virgin Islands. On November 16, 2009, First American filed suit against WestLB for breach of contract in the Superior Court. WestLB filed an answer and a counterclaim for foreclosure to the First American lawsuit on December 2, 2009, and on the same day filed an emergency motion for appointment of a receiver, which the Superior Court granted without a hearing on December 15, 2009. However, after First American filed a motion for reconsideration on December 16, 2009, the Superior Court, in a December 18, 2009 Order, vacated the December 15, 2009 Order after agreeing that a hearing should have been held to allow First American to argue in opposition to WestLB's motion and to challenge the factual and legal bases for appointing a receiver.

On January 12, 22, 29, and 30, 2010, the Superior Court heard testimony from the parties, and heard oral argument on February 10, 2010. In addition, the Superior Court visited the Pond Bay property on January 23, 2010, and recorded a video of the site visit, which it made part of the Superior Court record. In an April 8, 2010 Opinion and Order, the Superior Court again granted WestLB's motion for appointment of a receiver, but required the parties to submit supplemental briefs as to the receiver's identity and powers. After considering the parties' submissions,

---

any of its inquiries as to where it would obtain the additional funding to complete the Pond Bay project.

the Superior Court, in a June 4, 2010 Opinion and Order, appointed Richard Morawetz — a managing director of Alvarez & Marshal — the receiver of the Pond Bay project, and set forth the powers Morawetz would possess as receiver.

On June 16, 2010, First American filed a document captioned "Motion to Temporarily Stay and Clarify the Court's Order Dated June 3, 2010, or to Correct and/or Reconsider," which stated that it was being brought pursuant to Federal Rule of Civil Procedure 59(e), Federal Rule of Civil Procedure 60(a), Federal Rule of Civil Procedure 60(b), and District Court Local Rule of Civil Procedure 7.3. The Superior Court, in a September 30, 2010 Opinion and Order, held that First American's motion could not arise under Rule 59(e), but denied the requested relief on the merits with respect to the other three authorities.

First American filed its notice of appeal on October 29, 2010. However, in its notice of appeal, First American stated that it was only appealing the April 8, 2010 and June 4, 2010 Opinions and Orders, and did not reference the September 30, 2010 Opinion and Order. Accordingly, this Court, in a November 12, 2010 Order, required the parties to submit letter-form briefs addressing (1) this Court's appellate jurisdiction over First American's appeal; and (2) whether First American timely filed its notice of appeal. After considering each party's briefs, this Court, in a December 13, 2010 Order, deferred consideration of the jurisdictional and timeliness issues, and directed the parties to further brief those issues along with the merits so that they could be addressed at oral arguments.

## II. JURISDICTION

On appeal, WestLB contends that this Court should dismiss First American's appeal because section 33(d)(5) of title 4 of the Virgin Islands Code required First American to file its notice of appeal within thirty days of the June 4, 2010 Order appointing the receiver. Alternatively, WestLB also argues that even if section 33(d)(5) does not apply to First American's appeal, this Court should dismiss the appeal because First American's June 16, 2010 motion was ineffective to toll the thirty day period for taking an appeal pursuant to Supreme Court Rule 5(a)(4).[4] For the reasons that follow, we hold that the time to appeal specified in section

---

[4] Supreme Court Rule 5(a)(4) provides, in pertinent part:

33(d)(5) applies not only to the appeals taken pursuant to sections 33(d)(1)-(4), but also to those taken under section 33(b)(1)-(2), and that this Court therefore lacks jurisdiction over First American's appeal.

 Prior to considering the merits of an appeal, this Court must first determine if it has appellate jurisdiction over the matter. *V.I. Gov't Hosp. and Health Facilities Corp. v. Gov't*, 50 V.I. 276, 279 (V.I. 2008). As a threshold matter, this Court re-iterates its prior case law distinguishing between jurisdictional and claims-processing rules. "When the time to appeal or seek review is established by statute, timeliness is a jurisdictional issue, therefore, a petition filed out of time deprives the court of jurisdiction to entertain the appeal." *Pichardo v. Comm'r of Labor*, 49 V.I. 447, 450 (V.I. 2008) (citing *Bowles v. Russell*, 551 U.S. 205, 213, 127 S. Ct. 2360, 2366, 168 L. Ed. 2d 96 (2007)). Therefore, if the thirty day time limitation found in section 33(d)(5) is applicable to the instant appeal, First American's June 16, 2010 motion could not have tolled the time to appeal the April 8, 2010 and June 4, 2010 Opinions and Orders under Supreme Court Rule 5(a)(4), since section 33(d)(5) requires that an appeal be taken within thirty days of the date of the decision without providing for this Court to extend or toll this period.

Pursuant to statute, "[t]he Supreme Court of the Virgin Islands has jurisdiction of appeals from . . . [i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property," 4 V.I.C. § 33(b)(2). However, the Legislature has also provided — in a subsection of section 33 titled "Review — criminal," —

---

If any party makes a timely motion of a type specified immediately below within fourteen days after entry of judgment in the Superior Court or within fourteen days after leave has been granted pursuant to SUPER. CT. R. 65, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a motion:

(i) for judgment under FED. R. CIV. P. 50(b);
(ii) to amend or make additional findings of fact under FED. R. CIV. P. 52(b), whether or not granting the motion would alter the judgment;
(iii) to alter or amend the judgment under SUPER. CT. R. 50;
(iv) for a new trial under SUPER. CT. R. 50;
(v) for a new trial under SUPER. CT. R. 65; or
(vi) for relief under FED. R. CIV. P. 60 if the motion is filed within fourteen days after the entry of judgment.

V.I.S.CT.R. 5(a)(4).

that "[t]he appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted." 4 V.I.C. § 33(d)(5). In its November 12, 2010 Order directing the parties to brief the issue of jurisdiction, this Court noted that although section 33(d) is titled "Review — criminal," it is arguable that the phrase "[t]he appeal in all such cases" in section 33(d)(5) does not only apply to the appeals authorized in section 33(d)(1)-(4).

In its appellate brief, First American contends that section 33(d)(5) does not apply to this appeal, and that this Court "has closely adhered to the statutory 'arrangement' of 4 V.I.C. § 33 by taking pains to characterize the appeal in" *In re Najawicz*, 52 V.I. 311 (V.I. 2009) "as a civil one such that the civil provisions of section 33(b) would apply." (Appellant's Br. 3.) WestLB, however, contends that this Court should not consider the statutory arrangement of section 33 because section 33(d)(5) uses the phrases "in all such cases" without qualification, and numerous courts have held that descriptive titles in statutes are insignificant factors that should not be considered.

 "[I]n construing a statute, if the intent of the Legislature is clear, that is the end of the matter." *In re Infant Sherman*, 49 V.I. 452, 456 (V.I. 2008) (citations and internal quotation marks omitted). But "[a]lthough literal interpretation [of a statute] is favored, 'the intention prevails over the letter,' 'and thus "no [statute] should be read literally if such a reading is contrary to its objective.' " *Gilbert v. People*, 52 V.I. 350, 356 (V.I. 2009) (quoting *Gov't of the V.I. v. Knight*, 989 F.2d 619, 626, 28 V.I. 249 (3d Cir. 1993)). However, when the Virgin Islands Legislature models a local statute after a federal statute, "judicial decisions interpreting the federal statute shall assist this Court in interpreting the same clause found in our local statute." *People v. Pratt*, 50 V.I. 318, 322 (V.I. 2008). Moreover, the United States Supreme Court has instructed that, for a statutory time limit to be deemed "jurisdictional," there must be a " 'clear' indication that [the Legislature] wanted the rule to be 'jurisdictional.' " *Henderson v. Shinseki*, ___ U.S. ___, 131 S. Ct. 1197, 1203, 179 L. Ed. 2d. 159 (2011). Applying these precedents, this Court agrees with WestLB that the phrase "in all such cases" in section 33(d)(5) applies to appeals brought pursuant to section 33(b) as well as section 33(d), and that this Court therefore lacks jurisdiction over First American's appeal.

### 1. *Legal Effect of The Topical Headers in 4 V.I.C. §§ 33(b) and 33(d)*

■ ■ As WestLB correctly argues, the United States Supreme Court has consistently held that the general organization of a statute, including topical headings and titles, cannot override the plain text of a statute:

> [H]eadings and titles are not meant to take the place of the detailed provisions of the text. Nor are they necessarily designed to be a reference guide or a synopsis. Where the text is complicated and prolific, headings and titles can do no more than indicate the provisions in a most general manner; to attempt to refer to each specific provision would often be ungainly as well as useless. As a result, matters in the text which deviate from those falling within the general pattern are frequently unreflected in the headings and titles. Factors of this type have led to the wise rule that the title of a statute and the heading of a section cannot limit the plain meaning of the text. *United States v. Fisher*, 6 U.S. 358, 2 Cranch 358, 386; *Cornell v. Coyne*, 192 U.S. 418, 430; *Strathearn S.S. Co. v. Dillon*, 252 U.S. 348, 354. For interpretative purposes, they are of use only when they shed light on some ambiguous word or phrase. They are but tools available for the resolution of a doubt. But they cannot undo or limit that which the text makes plain.

*Brotherhood of R.R. Trainmen v. Balt. & Ohio R.R.*, 331 U.S. 519, 528-529, 67 S. Ct. 1387, 91 L. Ed. 1646 (1947). *See also Fla. Dept. of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 47, 128 S. Ct. 2326, 171 L. Ed. 2d 203 (2008) ("To be sure, a subchapter heading cannot substitute for the operative text of the statute."); *Pa. Dept. of Corrections v. Yeskey*, 524 U.S. 206, 212, 118 S. Ct. 1952, 141 L. Ed. 2d 215 (1998) (quoting *Brotherhood of R.R. Trainmen*).

■ Significantly, the Virgin Islands Legislature has instructed that how a section of the Virgin Islands Code is organized is "made for the purpose of convenient reference and orderly arrangement, and no implication, inference, or presumption of a legislative construction shall be drawn therefrom." 1 V.I.C. § 44. Moreover, the Legislature has expressly provided that

> The following matter does not constitute part of the law —

> (1) the various analyses set out in this Code, constituting enumerations or lists of the titles, parts, chapters, subchapters and sections of this Code;

(2) the descriptive headings or catchlines, other than the section numbers contained therein, immediately preceding the texts of the individual sections of this Code;

(3) any descriptive headings or catchlines immediately preceding the texts of any subsections or paragraphs of sections of this Code.

1 V.I.C. § 45(a). Applying this principle, this Court has previously disregarded headings in determining the applicability of the appropriate rules of evidence. *See Phillips v. People*, 51 V.I. 258, 275 n.10 (V.I. 2009) (holding that the Legislature intended for Uniform Rules of Evidence to apply to all cases — including criminal cases — despite their placement in a subtitle titled "Civil Procedure."). The contention that these headings are not determinative to the interpretation of sections 33(b) and (d) is further bolstered by the text of Act No. 6687, which enacted section 33 of title 4. Significantly, section 14 of Act No. 6687 expressly states that "[p]ursuant to title 1, Virgin Islands Code, section 45, the descriptive captions or catchlines used throughout this Act do not constitute a part of the law." Act No. 6687, 2004 V.I. Sess. Laws 179, 191.

 Although not expressly invoking section 44 of title 1 or the rules of statutory construction, this Court, in its *Najawicz* decision, also implicitly applied this principle to the organization of section 33 of title 4. 52 V.I. at 324-25. In *Najawicz*, this Court held that a criminal defendant may immediately appeal an injunction entered in a criminal case pursuant to section 33(b)(1) notwithstanding that section 33(b) is titled "Interlocutory review — civil." Significantly, neither sections 33(b)(1) nor (b)(2) contain any reference to civil cases outside of the "Interlocutory review — civil" descriptive header. Moreover, prior to *Najawicz*, this Court, in an unpublished per curiam disposition, expressly applied sections 44 and 45 of title 1 to section 33(d) of title 4 to hold that section 33(d)(3) — which is under the heading "Review — criminal" — authorized the Government of the Virgin Islands to appeal an order granting the release of a prisoner in a civil habeas corpus case:

> Although section 33(d) is captioned "Review-criminal". . . . [u]nlike sections 33(d)(1) and 33(d)(2), which, respectively, expressly limit the government's right to appeal to "criminal case[s]" and "criminal proceeding[s]," section 33(d)(3) authorizes an appeal by the government from "a decision or order[] entered by the Superior Court," without

expressly limiting the right to appeal to criminal matters. . . . Moreover, although section 33(d)(4), which authorizes interlocutory appeals by defendants, expressly invokes title 5, section 3504a of the Virgin Islands Code — which governs detention of criminal defendants prior to trial — section 33(d)(3) does not contain any language that would allow this Court to infer that the Legislature intended to foreclose the government from directly appealing to this Court an interlocutory order in a habeas corpus matter denying a motion to revoke an order granting release pending the Superior Court's consideration of the petition. Furthermore, federal appellate courts have interpreted 18 U.S.C. § 3731 — which contains virtually the same language as 4 V.I.C. § 33(d)(1)-(3) — to "guarantee[] the federal government's right to appeal the release of a federal prisoner on bail pending a review of a habeas decision." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

*In re People of the V.I.*, S. Ct. Civ. No. 2009-0115, slip op. at 2-3 (V.I. Dec. 1, 2009). Therefore, in light of this Court's prior precedents, as well as the overwhelming evidence of the Legislature's directives, we hold that the phrases "Interlocutory review — civil" in section 33(b) and "Review — criminal" in section 33(d) are not part of the law and cannot be interpreted to limit the plain text of any portion of section 33.

### 2. *Applicability of Section 33(d)(5) Appeal Times to All Section 33(b)-(d) Appeals*

But this Court's holding that the Legislature did not intend for the phrases "Interlocutory review — civil" and "Review — criminal" to be part of or control the interpretation of the law does not end this Court's inquiry. Rather, this Court must also consider whether the requirement set forth in section 33(d)(5) that "[t]he appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered" applies only to the appeals authorized by section 33(d)(1)-(4) or to appeals authorized by section 33(b) as well, including First American's appeal of the appointment of a receiver. Upon examining the plain text and the intent of the Legislature, we hold that the phrase "all such cases" applies to all appeals authorized by section 33(b) and (d).

As previously noted, when the Virgin Islands Legislature bases a local enactment after a federal statute, this Court may consider how the federal statute has been interpreted when deciding how to interpret the

local statute. *See, e.g., H&H Avionics, Inc. v. V.I. Port Auth.*, 52 V.I. 458, 461 (V.I. 2009); *Pratt*, 50 V.I. at 322. Section 33 was not modeled after one federal statute, but is an amalgamation of three different federal statutes. Specifically, sections 33(b) and (c)[5] contain virtually the same language as 28 U.S.C. § 1292(a) and (b),[6] while sections 33(d)(1)-(3) and

---

[5] These provisions read, in their entirety, as follows:

> (b) Interlocutory review-civil. The Supreme Court of the Virgin Islands has jurisdiction of appeals from:
>
>> (1) Interlocutory orders of the Superior Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions;
>>
>> (2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;
>
> (c) Whenever the Superior Court judge, in making a civil action or order not otherwise appealable under this section, is of the opinion that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation, the judge shall so state in the order. The Supreme Court of the Virgin Islands may thereupon, in its discretion, permit an appeal to be taken from the order, if application is made to it within ten days after the entry of the order; except that application for an appeal hereunder may not stay proceedings, in the Superior Court unless the Superior Court judge or the Supreme Court or a justice thereof orders a stay of the proceedings.

4 V.I.C. § 33(b)-(c).

[6] These provisions read, in their entirety, as follows:

> (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:
>
>> (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;
>>
>> (2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;
>>
>> (3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.
>
> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question

$(5)^7$ contains virtually the same language as 18 U.S.C. § 3731,[8] with

---

of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(a)-(b).

[7] This provision reads, in its entirety, as follows:

(d) *Review-criminal.*

(1) In a criminal case an appeal by the Government of the Virgin Islands shall lie to the Supreme Court from a decision, judgment, or order of the Superior Court dismissing an indictment or information or otherwise terminating a prosecution in favor of the defendant, as to any one or more counts, or any part thereof, except that no appeal shall lie where the double jeopardy clause of the United States Constitution or the Revised Organic Act prohibits further prosecution.

(2) An appeal by the Government of the Virgin Islands shall lie to the Supreme Court from a decision or order of the Superior Court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the Attorney General conducting the prosecution certifies to the Superior Court judge that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. The trial court shall adjourn or continue the trial until the appeal is resolved. The appeal shall be determined promptly.

(3) An appeal by the Government of the Virgin Islands shall lie to the Supreme Court from a decision or order, entered by the Superior Court, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release. The appeal shall be determined promptly.

. . . .

(5) The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

4 V.I.C. § 33(d).

[8] This provision reads, in its entirety, as follows:

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, or any part thereof, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized

607

section 33(d)(4)[9] having been loosely modeled after 18 U.S.C. § 3145(c).[10] Thus, because the Legislature has chosen to adopt language from three completely separate federal statutes into a single enactment — while, in some cases, taking language from one federal statute and placing it in the middle of language from a different federal statute — we find that case law interpreting the phrase "all such cases" in 18 U.S.C. § 3731 will not significantly assist this Court in determining the meaning of that phrase in section 33(d)(5).

As previously noted, it is unquestioned that the Legislature did not intend for section numbers or titles to be deemed part of the statute or to control the statute's interpretation. Therefore, when determining the meaning of the sentence, "[t]he appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered

---

property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release.

The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

The provisions of this section shall be liberally construed to effectuate its purposes. 18 U.S.C. § 3731.

[9] This provision reads, in its entirety, as follows:

(4) An appeal by a defendant or person ordered detained pursuant to section 3504a, of title 5 of the Virgin Islands Code or other provision of law, shall lie to the Supreme Court from a decision or order, entered by the Superior Court, detaining a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order of detention. The appeal shall be determined promptly.

4 V.I.C. § 33(d)(4).

[10] This provision reads, in its entirety, as follows:

(c) Appeal from a release or detention order. — An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).

and shall be diligently prosecuted," this Court may not rely on the fact that the sentence was designated as section 33(d)(5) to find the statute ambiguous, but may only consider titles and numbering to resolve an ambiguity in the plain text itself. *See Brotherhood of R.R. Trainmen*, 331 U.S. at 528-529; *United States v. May*, 535 F.3d 912, 918 (8th Cir. 2008).

 Here, ignoring all titles and numbering, this Court is compelled to conclude that the phrase "[t]he appeal in all such cases" refers to the appeals authorized by sections 33(b) and (d). Unlike other parts of section 33, which do expressly refer to "civil" or "criminal" cases, section 33(d)(5) only refers to "cases" generally, and thus there is no basis for limiting "[t]he appeal in all such cases" to only criminal cases. In fact, other than its designation as section 33(d)(5), and thus a subsection of section 33(d), there is absolutely nothing in the plain text of section 33(d)(5) to indicate that its provisions do not apply with equal force to the "appeals" identified in section 33(b). Significantly, the appeals identified in section 33(b)(1)-(2) and (d)(1)-(4) are similar in that they are the only appeals listed in section 33 that are either (1) not permitted under the final judgment rule; or (2) are not common and "must be *explicitly* authorized by [the Legislature]." *Pratt*, 50 V.I. at 322 (quoting *United States v. Hundley*, 858 F.2d 58, 62 (2d Cir. 1988)) (emphasis in original). Moreover, the Legislature, having made other substantive changes to the text of the three federal statutes that were amalgamated into section 33, could have used alternate phrases, such as "[t]he appeal in all criminal cases" or "[t]he appeal by the Government or a criminal defendant in all such cases," if it intended that section 33(d)(5) be inapplicable to appeals identified in section 33(b). In addition, section 33(d)(5) cannot refer to the cases identified in section 33(c), since section 33(c) governs "application[s] for an appeal" and sets a ten day period for making such an application.

 In addition, we note that in the federal system, appeals of injunction and receivership orders brought pursuant to 28 U.S.C. § 1292 must be brought within thirty days, *see* 28 U.S.C. § 2107, while appeals brought pursuant to 18 U.S.C. § 3731 must, according to that statute, also be taken within thirty days. In other words, having section 33(d)(5) apply to the appeals authorized by both section 33(b) and (d) would be consistent with the Legislature's decision to combine the pertinent parts of 28 U.S.C. § 1292 and 18 U.S.C. § 3731 into a single enactment, and,

by providing the thirty-day appeal time in section 33(d)(5), avoid unnecessary duplication of repeating the same thirty-day limitations period for section 33(b) appeals. Significantly, if the Legislature did not intend for this interpretation, it could have expressly provided a different time to appeal in section 33(b) or provided for the time to take the appeals authorized by section 33(b) to be governed by court rules, as it has done in other cases. *See, e.g.*, 5 V.I.C. § 1421. Thus, the plain text of the statute compels this Court to hold that the Legislature intended for appeals of orders appointing receivers to be taken within thirty days.

▮ Finally, to the extent this Court is permitted to look beyond the plain text of the statute, we note that the purpose of the Legislature in enacting section 33 was to combine the former sections 33 and 39 — which governed the jurisdiction of the Appellate Division of the District Court — into a single enactment in order to, with respect to this Court, clarify local appellate jurisdiction. *See, e.g.*, *Gov't of the V.I. v. Hodge*, 359 F.3d 312, 320-21, 45 V.I. 738 (3d Cir. 2004) (holding that former section 39, which governed appeals by the government, is ambiguous, and interpreting it in light of 48 U.S.C. § 1613a(a)); *Gov't of the V.I. v. Blake*, 118 F.3d 972, 975-76 (3d Cir. 1997) (same); *Gov't of the V.I. v. Warner*, 48 F.3d 688, 692, 31 V.I. 373 (3d Cir. 1995) (relying on 48 U.S.C. § 1613a(a) to expand Appellate Division's jurisdiction over appeals by criminal defendants beyond plain text of former section 33); *Gov't v. deJongh*, 28 V.I. 153, 158-159 (D.V.I. App. Div. 1993) (holding that plain language of former section 33 vests Appellate Division with discretionary appellate jurisdiction to review non-final orders in civil cases). Specifically, the Legislature sought to address federal case law interpreting its prior enactments by (1) authorizing appeals by the local government to this Court in a way which would not require reliance on any federal statute; and (2) limiting this Court's jurisdiction over non-final orders in civil cases to the types of serious, emergency situations specified by statute.[11] Importantly, interpreting section 33(d)(5) in the way proposed by First American would be inconsistent with that intent,

---

[11] Notably, although large portions of section 33 were copied verbatim from 28 U.S.C. § 1292, the Legislature deliberately chose not to adopt 28 U.S.C. § 1292(e), which provides that "[t]he Supreme Court may prescribe rules . . . to provide for an appeal of an interlocutory decision . . . that is not otherwise provided for," which — if adopted — would have vested this Court with the same discretionary appellate jurisdiction in civil cases afforded to the Appellate Division.

since at the time Act No. 6687 was adopted, the Legislature would have no way of knowing what rules this Court, once established, would ultimately promulgate with respect to when a notice of appeal must be filed. Accordingly, we hold that it would be inconsistent with the intent of the Legislature to hold that the thirty-day limitations period in section 33(d)(5) does not apply to the interlocutory appeals authorized by section 33(b).

### 3. *4 V.I.C. § 33(d)(5) Limits this Court's Jurisdiction*

 For similar reasons, this Court also finds that the Legislature intended for the thirty-day filing period to represent a jurisdictional requirement rather than a claims processing rule. As the United States Supreme Court has recently re-iterated, a statute is "jurisdictional" if "it governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction," while a statute is "claims-processing" if it "seek[s] to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times," but do not intend to limit a court's authority to hear a case. *Henderson*, 131 S. Ct. at 1202-03. The distinction between jurisdictional and claims-processing rules, however, is not merely academic, for a claims-processing statute may be equitably tolled or judicially modified, while failure to comply with a jurisdictional statute can never be excused. *See Bowles*, 551 U.S. at 214. Thus, if section 33(d)(5) is a claims-processing requirement, it is arguable that First American's June 16, 2010 motion could have tolled the time to file its notice of appeal pursuant to Supreme Court Rule 5(a)(4),[12] whereas if section 33(d)(5) is a jurisdictional requirement, a procedural rule promulgated by this Court would have been ineffective to toll the thirty-day period for bringing the appeal. *See Pichardo*, 49 V.I. at 450.

 We find that the Legislature clearly intends for section 33(d)(5) to represent a jurisdictional requirement. As the United States Supreme Court has explained with regards to appeal times specified in a statute, "the time for taking an appeal from a [trial] court to a court of appeals in a civil case has long been understood to be jurisdictional," *Henderson*, 131 S. Ct. at 1205, and thus the "longstanding treatment of statutory time

---

[12] Given our holding that section 33(d)(5) represents a jurisdictional requirement, it is not necessary for this Court to determine whether First American's June 16, 2010 motion would have been effective to toll the time to file its notice of appeal.

limits for taking an appeal as jurisdictional" cannot be called into question. *Bowles*, 551 U.S. at 210. Therefore, we hold that section 33(d)(5) is jurisdictional and, accordingly, Supreme Court Rule 5(a)(4) cannot serve to toll the start of the thirty-day period for filing a notice of appeal.

## III. CONCLUSION

Based on the foregoing, this Court finds that First American failed to timely file its notice of appeal because the Legislature intended for the thirty-day period for filing a notice of appeal set forth in section 33(d)(5) to apply to all appeals authorized by sections 33(b) and (d) — including appeals brought pursuant to section 33(b)(2) — and for this thirty-day period to be a jurisdictional requirement. Accordingly, we dismiss First American's appeal for lack of jurisdiction.