# NOSTY JEAN-BAPTISTE, CARR FORBES, AND ALL OTHERS, Petitioners
## v.
# VIRGIN ISLANDS TAXICAB COMMISSION AND GOVERNMENT OF THE VIRGIN ISLANDS, Respondents

Case No. ST-15-CV-539

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

May 24, 2016

CLIVE RIVERS, ESQ., St. Thomas, USVI, *For Petitioners Nosty Jean-Baptiste and Carr Forbes.*

KIMBERLY L. SALISBURY, ESQ., Assistant Attorney General, St. Thomas, USVI, *For Respondents Virgin Islands Taxicab Commission and the Government of the Virgin Islands.*

DUNSTON, *Judge*

## MEMORANDUM OPINION

(May 24, 2016)

Pending before the Court is Petitioners' Petition for Writ of Review. Because Petitioners failed to file the Petition for Writ of Review within the jurisdictional limitations period under 3 V.I.C. § 274, the Petition will be dismissed for lack of subject matter jurisdiction.

## FACTS AND PROCEDURAL HISTORY

This matter arises from a Petition for Writ of Review filed on October 13, 2015, by Petitioners Nosty Jean-Baptiste and Carr Forbes against Respondents the Government of the Virgin Islands and the Virgin Islands Taxicab Commission ("Taxicab Commission"), in its capacity as the "regulatory agency that regulates taxis in the Virgin Islands[,]" wherein Petitioners seek review of Final Disposition Forms rendered by Virgin Islands Taxicab Commission Hearing Examiner Lawrence A. Ramdhansingh on September 24, 2015, with respect to Citations Nos. 006566, 002831, and 003940 against Petitioner Forbes and Citations Nos. 000668

and 002837 against Petitioner Jean-Baptiste.[1] According to the Petition for Writ of Review, in the contested September 24, 2015, Final Disposition Forms, the Taxicab Commission issued citations against Petitioners, imposed the maximum penalties against Petitioners, including fines of $1,100.00 against Petitioner Forbes and $2,000.00 against Petitioner Jean-Baptiste, suspended Petitioners' licenses to operate taxis, and threatened to permanently revoke Petitioners' licenses if the fines were not paid, without first giving Petitioners "proper Notice and Hearing . . . thereby denying [Petitioners] . . . due process of law."[2] Petitioners argue these actions of the Taxicab Commission were "arbitrary and capricious" and "amount to a taking without due process of law" so as to render the contested Decisions and Orders "erroneous both as to Fact and Law."[3] For these same reasons, on October 13, 2015, Petitioners also filed a Motion to Stay Decisions and Orders of the Virgin Islands Taxicab Commission requesting a "stay of execution of the orders dated September 24, 2015."[4]

By Order entered on October 19, 2015, the Court denied Petitioner's Motion to Stay the execution of the Taxicab Commission's September 24, 2015, Decisions and Orders because Petitioners failed to demonstrate that the relevant factors, as outlined by the Supreme Court of the Virgin Islands, favored a stay. Notwithstanding, in a separate Order entered on October 19, 2015, the Court granted the Petition for Writ of Review on the grounds that it had jurisdiction to review the final decisions of the Taxicab Commission under 4 V.I.C. § 76 and 5 V.I.C. § 1421, that Petitioners complied with the statutory prerequisites of a Writ of Review, and that Petitioners have no appeal or other plain, speedy, and adequate remedy as a means of review of the Taxicab Commission's decisions. As a result, the Acting Clerk of Court was directed to issue a Writ of Review to the Taxicab Commission requiring the Executive Director file with the Court and serve upon the Petitioners, by November 19, 2015, a certified copy of the record of the proceedings and all documents and records,

---

[1] Pet'rs' Pet. for Writ of Review, p. 1 (attaching as Exhibit A, Taxicab Commission's September 24, 2015, Final Disposition Form with respect to Forbes, and Exhibit B, Taxicab Commission's September 24, 2015, Final Disposition Form with respect to Jean-Baptiste).

[2] Pet'rs' Pet. for Writ of Review, p. 1.

[3] Pet'rs' Pet. for Writ of Review, pp. 1-2.

[4] Peers' Mot. for Stay, p. 1.

including transcripts and hearings, that resulted in the contested September 24, 2015, Decisions and Orders.[5] Additionally, Petitioners were directed to submit a Memorandum of Law with points and authorities in support of their Petition for Writ of Review by December 11, 2015, and the Taxicab Commission was directed to respond by January 11, 2016.[6]

In accordance with the Court's October 19, 2015, Order, the Acting Clerk of Court issued a Writ of Review to the Executive Director of the Taxicab Commission on October 19, 2015. On November 17, 2015, the Taxicab Commission filed a Reply to Court Order, which attached copies of the contested Final Disposition Forms and citations, but did not include a certified certified copy of the record of the proceedings or any other documents related to the contested Decisions and Orders.

On December 15, 2015, three (3) days after the expiration of the deadline, Petitioners moved for an extension of time in which to file their Memorandum of Law with points and authorities in support of their Petition for Writ of Review. By Order entered on December 18, 2015, the Court granted Petitioner's Motion for Extension of Time, extended Petitioners' deadline to January 13, 2016, and directed the Taxicab Commission to respond by February 12, 2016. On January 14, 2016, Petitioners filed their Memorandum of Law with Points and Authorities in support of their Petition for Writ of Review one (1) day late. The Taxicab Commission and the Government of the Virgin Islands filed a timely Opposition on February 10, 2016, to which Petitioners filed a Reply on March 4, 2016.

## DISCUSSION

■ 3 V.I.C. § 274, the specific statute that creates the Taxicab Commission as a "semiautonomous agency[,]"[7] provides that "[a]ny person aggrieved by any decision rendered by the [Taxicab] Commission may, within 10 days following the date of notice of the decision, file an appeal with the Superior Court of the Virgin Islands."[8] However, because

---

[5] October 19, 2015, Order ¶ 2 (granting Pet'rs' Pet. for Writ of Review).
[6] October 19, 2015, Order ¶ 3 (granting Pet'rs' Pet. for Writ of Review).
[7] 3 V.I.C. § 274(a).
[8] 3 V.I.C. § 274(g).

3 V.I.C. § 274 does not set forth the scope of the review or specific procedures for the appeal, the Court "must look to other sections of the Virgin Islands Code for the procedural format the Court must follow."[9] The general writ of review statute, set forth in 5 V.I.C. § 1421 *et seq.*, permits the Court to review a "decision or determination . . . [of] any officer, board, commission, authority, or tribunal . . . for errors therein as prescribed in this chapter and rules of court . . ."[10] "where there is no appeal or other plain, speedy, and adequate remedy . . . ."[11] In so providing, 5 V.I.C. § 1421 "expressly invokes the Superior Court rules, including [SUPER. CT. R.] 15(a)[,]"[12] which requires, in pertinent part, that a petition for writ of review "shall be filed within 30 days after the date of the decision or determination complained of . . . , recite [the contested] . . . decision . . . and set forth the errors alleged to have been committed therein."[13]

Notably, 3 V.I.C. § 274(g) and SUPER. CT. R. 15(a) proscribe different time limits in which an aggrieved person may appeal or seek review by the Superior Court of decisions rendered by the Taxicab Commission. 3 V.I.C. § 274(g) provides that appeals of "any decision rendered by the [Taxicab] Commission" must be filed "within 10 days following the date

---

[9] *Equity Inv. Corp. v. Gov't of the V.I.*, 19 V.I. 180, 181 (D.V.I. 1982).

[10] 5 V.I.C. § 1421 provides:

> Any party to any proceeding before or by any officer, board, commission, authority, or tribunal may have the decision or determination thereof reviewed for errors therein as prescribed in this chapter and rules of court. Upon the review, the court may review any intermediate order involving the merits necessarily affecting the decision or determination sought to be reviewed.

[11] 5 V.I.C. § 1422 provides:

> The writ of review shall be allowed in all cases where there is no appeal or other plain, speedy, and adequate remedy, and where the officer, board, commission, authority, or tribunal in the exercise of his or its functions appears to have exercised such functions erroneously, or to have exceeded his or its jurisdiction, to the injury of some substantial right of the plaintiff.

[12] *Bryan v. Ponce*, 51 V.I. 239, 247 n.4 (V.I. 2009) (citing 5 V.I.C. § 1421); *Government of the Virgin Islands v. Crooke*, 54 V.I. 237, 253-254 (V.I. 2010) ("Because the general writ of review statute provides that '[a]ny party to any proceeding before or by any officer, board, commission, authority, or tribunal may have the decision or determination thereof reviewed for errors therein as prescribed in this chapter *and rules of court*,' 5 V.I.C. § 1421 (emphasis added), this Court has held that the statute incorporates Superior Court Rule 15(a) by reference") (citing *Bryan*, 51 V.I. at 247 n.4).

[13] SUPER. CT. R. 15(a).

of notice of the decision[,]"[14] while SUPER. CT. R. 15(a), expressly incorporated as a court rule by the general writ of review statute, 5 V.I.C. § 1421, provides that the appeal must be filed "within 30 days after the date of the [Taxicab Commission's] decision."[15] Although not raised by either party, these conflicting time limits give rise to issues that effect the Court's subject matter jurisdiction over this Petition for Writ of Review.

██ The first issue is one of statutory interpretation as to whether the 10 day time limit set forth in 3 V.I.C. § 274(g) applies to the exclusion of the 30 day time limit under 5 V.I.C. § 1421 through its express incorporation of SUPER. CT. R. 15(a). Statutory interpretation is governed by the "Rules of Construction."[16] The Supreme Court of the Virgin Islands has described the standard for statutory interpretation, as follows:

> The first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning. If the statutory language is unambiguous and the statutory scheme is coherent and consistent, no further inquiry is needed. In analyzing a statutory scheme, we must give effect to every provision, making sure to avoid interpreting any provision in a manner that would render it — or another provision — wholly superfluous and without an independent meaning or function of its own. But even where a statutory scheme is plain and internally consistent, no statute should be read literally if such a reading is contrary to its objective [and] this Court must consider whether applying the statute's literal language leads to . . . absurd consequences or is otherwise inconsistent with the Legislature's intent.[17]

In interpreting statutes that "touch on the same subject,"[18] the Supreme Court of the Virgin Islands has held that:

> [A]s a general rule, "specific statutes establishing comprehensive schemes for attaining judicial review in particular types of cases sup-

---

[14] 3 V.I.C. § 274(g).

[15] *See Crooke*, 54 V.I. at 253-254 (citing *Bryan*, 51 V.I. at 247 n.4).

[16] 1 V.I.C. §§ 41-52.

[17] *In re L.O.F.*, 62 V.I. 655, 661 (V.I. 2015) (internal citations omitted) (other citations omitted).

[18] *Haynes v. Ottley*, 61 V.I. 547, 561 (V.I. 2014).

plant statutes that broadly confer general jurisdiction."[19] Nevertheless, another well-established rule of statutory construction is that "the more specific statute takes precedence over the more general one, unless it appears the Legislature intended for the more general to control," or for both statutes to apply concurrently.[20] In other words, when two statutes touch on the same subject, "we give effect to both unless doing so would be impossible."[21] . . . [This is because] the Virgin Islands Legislature, when enacting a new law, is deemed to have knowledge of existing law[22] . . . [and thus] is presumed to intend for the new law to operate in harmony with existing statutes and common law.[23] . . . [As a result] it is presumed that the Legislature . . . would not enact superfluous statutes, or statutes that directly contradict each other, but instead intended for each provision to be effective."[24] . . . [Consequently, for one statute to operate to the exclusion of another,] the statutes must be in some sort of irreconcilable conflict.[25]

▪ In looking first to the plain text of 3 V.I.C. § 274, the Court finds that the language clearly reflects that the Legislature intended for the specific time limit for filing appeals of the Taxicab Commission's decisions under 3 V.I.C. § 274(g) to control over the time limit imposed for general writs of review under SUPER. CT. R. 15(a). 3 V.I.C. § 274 establishes the Taxicab Commission as a semiautonomous agency of the Government of the Virgin Islands and charges it with the responsibility for regulating taxicabs in the Virgin Islands.[26] In so doing, the Legislature explicitly grants the Taxicab Commission the power to regulate the

---

[19] *Id.* (citing *V.I. Narcotics Strike Force v. Gov't of the V.I.*, 60 V.I. 204, 216 (V.I. 2013)); *e.g. Crooke*, 54 V.I. at 247 n.5 (citing *V.I. Pub. Servs. Comm'n v. V.I. Water & Power Auth.*, 49 V.I. 478, 485 (V.I. 2008)).

[20] *Haynes*, 61 V.I. at 561 (citing *V.I. Pub. Servs. Comm'n*, 49 V.I. at 485).

[21] *Id.* (citing *Ray v. Spirit Airlines, Inc.*, 767 F.3d 1220, 1225 (11th Cir. 2014)).

[22] *Id.* at 566 (citing *Murrell v. People*, 54 V.I. 338, 352-353 (V.I. 2010)).

[23] *Id.* at 566-567 (citing *Cascen v. People*, 60 V.I. 392, 404-05 (V.I. 2014)).

[24] *Id.* at 567-568 (citing *Gilbert v. People*, 52 V.I. 350, 356 (V.I. 2009)).

[25] *Id.* (citing *V.I. Pub. Servs. Comm'n*, 49 V.I. at 485).

[26] 3 V.I.C. § 274(a) & (f).

conduct of "operators of automobiles for hire," *e.g.* taxicab drivers,[27] by enforcing statutory rules and regulations governing their conduct by imposing administrative fines and penalties, as provided by law.[28] Primarily, these administrative fines and penalties are set forth in 20 V.I.C. § 402,[29] which also proscribes standards governing the operation of taxicabs in the Virgin Islands.[30] Importantly, in 3 V.I.C. § 274(g), the Legislature unambiguously provides that "[a]ny person aggrieved by *any* decision rendered by the [Taxicab] Commission may, within 10 days following the date of notice of the decision, file an appeal with the Superior Court of the Virgin Islands."[31] The ordinary meaning of the word "any" is all or every.[32] The Legislature's use of the word "any" to immediately precede the word "decision" in 3 V.I.C. § 274(g) denotes that *all* decisions of the Taxicab Commission, including those imposing citations, administrative fines, and penalties for violations of the statutes, rules, and regulations governing the operation of taxicabs, must be filed within 10 days following the date the aggrieved person is notified of the decision.

---

[27] *See* 20 V.I.C. § 101 (defining "automobile for hire" as "a motor vehicle operated for the purpose of transporting passengers for hire in the Virgin Islands and shall include motor vehicles operated for the purpose of conducting tours whether or not on fixed routes or on established schedules, but shall not include motor vehicles operated as motor busses or passenger-carrying trucks subject to regulation under the provisions of chapter 1, Title 30 of this code nor motor vehicles owned by the Government of the Virgin Islands or by the Government of the United States nor drive-yourself motor vehicles for lease or courtesy rides from drive yourself motor vehicle operators with current lease agreements with the Port Authority to their customers to or from their rental facility").

[28] *See* 3 V.I.C. § 274(f)-(g).

[29] 20 V.I.C. § 402(g).

[30] *See generally* 20 V.I.C. § 402.

[31] 3 V.I.C. § 274(g) (emphasis added).

[32] 1 V.I.C. § 42 ("Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language"). *See* BALLENTINE'S LAW DICTIONARY (3rd ed.) (Defining "any" as "[i]n its broad, distributive sense, the sense in which the word is frequently used, it may have the meaning of 'all,' 'every,' or 'each one of all.' Its meaning is often restrained, limited, or influenced by the subject matter or manner in which it is used. It may mean 'one indefinitely out of an indefinite number' . . ."); *In re Interest of Powers*, 242 Neb. 19, 23, 493 N.W.2d 166, 169 (1992) ("[I]n popular parlance, the word 'any' usually means all or every") (citations omitted) *Hertzberg v. Dignity Partners, Inc.*, 191 F.3d 1076, 1080 (9th Cir. 1999) (" '[A]ny' means 'one, no matter what one'; 'ALL', 'one or more discriminately from all those of a kind' ") (citing *Webster's Third New Intl Dictionary* (3d ed. 1986)).

■ Notably, the use of the phrase "any aggrieved person" in 3 V.I.C. § 274(g) mirrors that of SUPER. CT. R. 15(a), which similarly provides that "[a] writ of review may be granted by the Court upon the petition of *any person aggrieved* by the decision or determination of an officer, board, commission, authority or tribunal . . . [which] shall be filed within 30 days after the date of the decision or determination complained of . . ."[33] 3 V.I.C. § 274(g)· was first enacted in 2007, while 5 V.I.C. § 1421, the general writ of review statute, is among the original provisions of the Virgin Islands Code and SUPER. CT. R. 15(a), which 5 V.I.C. § 1421 expressly incorporates, was adopted by the Superior Court in 1998. Thus, at the time 3 V.I.C. § 274(g) was enacted, it is presumed that the Legislature knew of the 30 day time limit for filing petitions for general writs of review under 5 V.I.C. § 1421 via SUPER. CT. R. 15(a). The similar language employed in SUPER. CT. R. 15(a) and 3 V.I.C. § 274(g) indicates that the Legislature intended to reduce the time period in which an aggrieved person can appeal a decision rendered by the Taxicab Commission to 10 days following the date the aggrieved person is notified of the decision.

■ This is further supported by the fact that 3 V.I.C. § 274(g) specifically applies to appeals of the Taxicab Commission's decisions, while SUPER. CT. R. 15(a) is the general procedural rule governing writs of review regarding decisions rendered by an "officer, board, commission, authority, or tribunal." While the Court recognizes that it is ordinarily presumed that the Legislature intended for each statutory provision to be effective,[34] this presumption carries less weight here because SUPER. CT. R. 15(a) is a procedural rule drafted and promulgated by the Presiding Judge of the Superior Court,[35] while 3 V.I.C. § 274 was specifically drafted and enacted by the Legislature. Further, nothing in the statutory scheme governing the operation of taxicabs or the Taxicab Commission indicates that the Legislature intended appeals of the Taxicab Commission's decisions to be subject to both the 10 day and 30 day time

---

[33] (Emphasis added).

[34] *Haynes*, 61 V.I. at 567-568 (citing *Gilbert*, 52 V.I. at 356).

[35] *See* 4 V.I.C. §§ 72b, 83 and Section 21(c) of the Revised Organic Act of 1954, as amended by 48 U.S.C. § 1611(c) (regarding the Rules governing the operations and conduct of the Superior Court and the responsibility of the Presiding Judge to administer the court in a manner to ensure the prompt dispatch of the court's business).

limits, nor is there any indication that the Legislature intended for the 30 day time limit for general writs of review to control over the 10 day time limit, which the Legislature specifically proscribed for appeals of the Taxicab Commission's decisions.[36] It appears, then, that the differing time limits in 3 V.I.C. § 274(g) and SUPER. CT. R. 15(a) for filing appeals that pertain to decisions of the Taxicab Commission present an irreconcilable conflict and one must control over the other.

■ In the Court's view, the foregoing evinces that the Legislature clearly and unambiguously intended to reduce the time limit applicable to appeals of the Taxicab Commission's decisions from 30 days to 10 days and for the 10 day time limit under 3 V.I.C. § 274(g) to exclusively control in all appeals regarding the decisions of the Taxicab Commission. This conclusion does not lead to absurd consequences and is consistent with a conclusion similarly reached by the Supreme Court of the Virgin Islands that the statute that "covers a more specific right to appeal than the general right to appeal . . . should control."[37] As a result, the Court must apply the 10 day time limit set forth in 3 V.I.C. § 274(g) to Petitions for Writ of Review that challenge decisions rendered by the Taxicab Commission, such as the one before the Court *sub judice.*

Here, the Petition for Writ of Review challenges decisions of the Taxicab Commission rendered on September 24, 2015. The exhibits attached with Petitioners' Petition for Writ of Review, namely, the September 24, 2015, Final Disposition Forms, indicate that Petitioners were notified of the decisions of the Taxicab Commission Hearing Examiner Lawrence A. Ramdhansingh at the hearings on September 24, 2015. Petitioners submit that they are appealing the decision of the Taxicab Commission[38] and the Final Disposition Forms regarding the decisions, which were submitted by both parties, state that "[t]his form may be filed by the defendant(s) aggrieved by the decision of the Taxicab Commission within ten (10) days following the date of this notice of such decision, [sic] file an appeal for review in the Superior Court of the Virgin

---

[36] *See* 20 V.I.C. § 401 *et seq.* and 3 V.I.C. § 270 *et seq.*

[37] *Crooke*, 54 V.I. at 247 n.5 (citing *V.I. Pub. Servs. Comm'n*, 49 V.I. at 485).

[38] *See* Pet'rs' Pet. for Writ of Review, p. 1.

Islands,"[39] which mirrors the language of 3 V.I.C. § 274(g). Nevertheless, as the Court pointed out in its October 19, 2015, Order denying Petitioners' Motion for Stay, "[t]he motion makes no reference to any ruling or the Director of the [Taxicab] Commission, or of the Commission itself, approving the decisions," apart from the aforementioned statement on the Final Disposition Forms.[40]

Under the Taxicab Commission's local rules and regulations, specifically, CVIR 259-61(5), "[a]ny person aggrieved by any decision of the hearing officer, may within five (5) days following the notice of such decision, file an appeal for review to the Administrative Hearing Committee of the Commission."[41] Under 3 V.I.C. § 274(h)(3), "[a] person aggrieved by any action of a [Taxicab Commission] committee may appeal to the [Taxicab] Commission for a review of the action within 10 days following notification of the action by a committee."[42] If the aggrieved person chooses to appeal the Taxicab Commission's decision, it is then, that the aggrieved person may seek review in the Superior Court "within 10 days following the date of notice of the decision" under 3 V.I.C. § 274(g).

Petitioners provide no information demonstrating that they adhered to the appeal procedures set forth in CVIR 259-61(5)-(6) and 3 V.I.C. § 274(h)(3) before filing this Petition for Writ of Review with the Superior Court so as to potentially extend the date they were notified of the contested decisions from the date of the hearings on September 24, 2015, to a later date. As a result, the Court considers September 24, 2015, as the date Petitioners were notified of the contested decisions, and, in accordance with Petitioners' own representations, that these decisions were rendered by the Taxicab Commission. Consequently, according to the facts alleged by Petitioners in the Petition for Writ of Review, the time

---

[39] Exhibits A & B, Pet'rs' Pet. for Writ of Review; Resp't November 17, 2015, Reply to Court Order.

[40] October 19, 2015, Order, p. 2.

[41] CVIR 259-61(5).

[42] *See also* CVIR 259-61(6) ("Any person aggrieved by the decision of his appeal to the hearing committee may file an appeal to the [Taxicab] Commission within ten (10) days of notification of said decision").

limits imposed under 3 V.I.C. § 274(g) apply in this case.[43] Because Petitioners' Petition for Writ of Review was not filed until October 13, 2015, eighteen (18) days after the date they received notice of the contested decisions of the Taxicab Commission, the Petition for Writ of Review is untimely under the 10 day time limit set forth in 3 V.I.C. § 274(g). Notwithstanding, because Respondents did not raise or address the untimeliness issue, the effect of the untimely Petition on the Court's ability to consider its merits hinges on whether 3 V.I.C. § 274(g) is a claims-processing or jurisdictional statute.

According to the Supreme Court of the Virgin Islands, "when a statute establishes a specific procedure for invoking the Superior Court's jurisdiction, the failure to follow that procedure deprives the Superior Court of its jurisdiction."[44] "[A] statute is 'jurisdictional' if 'it governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction,' while a statute is 'claims-processing' if it 'seek[s] to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times,' but do[es] not intend to limit a court's authority to hear a case."[45] Claims-processing rules or statutes may "be equitably tolled or even waived[,]" but, with respect to jurisdictional statutes, the Court has "no authority to create equitable exceptions to jurisdictional requirements and litigants cannot by waiver or forfeiture confer jurisdiction where it is otherwise lacking."[46] Consequently, the " 'failure to comply with a jurisdictional statute can never be excused' and such failure may be invoked at any stage of the proceedings, even *sua sponte* by the court."[47]

---

[43] *Public Emples. Rel. Bd. v. United Indus. Workers-Seafarers Int'l Union*, 56 V.I. 429, 438 n.4 (V.I. 2012) ("[A] rebuttable presumption exists that the date listed on the face of an administrative agency decision is the same date that service was effectuated") (citations omitted). Petitioners make no attempt to rebut the presumption that they were notified of the contested decisions at the hearings on September 24, 2015, and, in fact, represent that Petitioners were notified on September 24, 2015.

[44] *Id.* (citing *In re Guardianship of Smith*, 54 V.I. 517, 526 (V.I. 2010) (collecting cases)).

[45] *Id.* (citing *First Am. Dev. Group/Carib, LLC v. WestLB AG*, 55 V.I. 594, 611 (V.I. 2011)).

[46] *Brady v. Cintron*, 55 V.I. 802, 815 (V.I. 2011) (citing *Menominee Indian Tribe of Wisconsin v. United States*, 614 F.3d 519, 524, 392 U.S. App. D.C. 202 (D.C. Cir. 2010) (internal citations and quotation marks omitted)).

[47] *Public Emples. Rel. Bd.*, 56 V.I. at 435 (citing *First Am.*, 55 V.I. at 611) (other citation omitted).

In the Virgin Islands, "a time limit . . . established solely by *court rule*" is a claims-processing rule that "may be extended or waived."[48] In such a case, "[w]hen a party fails to raise a defense of untimeliness [under a claims-processing rule], thereby forfeiting that defense, a court should proceed to the merits of a case."[49] Where, as here, a time limit is established by statute, rather than court rule, the Court must "determine whether [the] requirement imposed by statute is jurisdictional or claims-processing . . . [by] consider[ing] whether that requirement 'has long been understood to be jurisdictional.' "[50] "[The Supreme Court of the Virgin Islands] has repeatedly held [that] '[w]hen the time to appeal or seek review is established by statute, timeliness is a jurisdictional issue' and 'therefore a petition filed out of time deprives the court of jurisdiction to entertain the appeal.' "[51]

---

[48] *Ventura v. People of the Virgin Islands*, 64 V.I. 589, 616-17 (V.I. 2016) (citing *Hughley v. Government of the Virgin Islands*, 61 V.I. 323, 331 (V.I. 2014); *Crooke*, 54 V.I. at 253-254 ("It is well established that time limits set exclusively by court rules are mere claims-processing rules which do not affect a court's subject-matter jurisdiction even if they may result in dismissal if violated")) (emphasis added).

[49] *Id.* (citing *Eberhart v. United States*, 546 U.S. 12, 19, 126 S. Ct. 403, 163 L. Ed. 2d 14 (2005)); *Crooke*, 54 V.I. at 254 ("To the extent Rule 15(a) remains a claims-processing rule, the failure of both DPNR and PERB to challenge Crooke's compliance with Rule 15(a) in the Superior Court renders any objection to the purported deficiencies in Crooke's petition waived") (citing *Archer v. Caribbean Auto Mart, Inc.*, 379 Fed. Appx. 157, 159 (3d Cir. 2010)); *Joseph v. People of the Virgin Islands*, 60 V.I. 338, 347 n.7 (V.I. 2013) ("[W]e decline to decide this issue as part of this appeal because the 10-day limitations period is unquestionably a non-jurisdictional claims processing rule whose application — even if applicable — has been waived through the People's failure to assert it in a timely manner") (citations omitted).

[50] *Public Emples. Rel. Bd.*, 56 V.I. at 434-435 (citing *Henderson v. Shinseki*, 562 U.S. 428, 131 S. Ct. 1197, 1205, 179 L. Ed. 2d 159 (2011)).

[51] *Id.* at 435 (citing *Pichardo v. Comm'r of Labor*, 49 V.I. 447, 450 (V.I. 2008); *Mercer v. Bryan*, 53 V.I. 595, 599 (V.I. 2010); *Worldwide Flight Servs. v. Government of the Virgin Islands*, 51 V.I. 105, 108-09 (V.I. 2009)). The Court recognizes that the Supreme Court of the Virgin Islands has explained that its "older decisions . . . treated the timeliness requirements of [V.I.S.CT.R.] 5 as mandatory jurisdictional requirements, [while its] more recent cases have reconsidered this approach and now treat the time limits established by [V.I.S.CT.R.] 5 as claims processing rules." *Bryan v. Government of the Virgin Islands*, 56 V.I. 451, 455-456 (V.I. 2012) (citing *Vazquez v. Vazquez*, 54 V.I. 485, 489-90 (V.I. 2010); *Crooke*, 54 V.I. at 253-254). This conclusion was rendered with respect to the fact that V.I.S.CT.R. 5 is a court rule that establishes the time limit for filing appeals with the Supreme Court, while the case presently before this Court involves a statutory time limit for filing appeals. As a result, the Court will follow the precedent of the Supreme Court regarding statutory time limits to ap-

 Here, 3 V.I.C. § 274(g) clearly imposes a time limit to appeal decisions of the Taxicab Commission by unambiguously providing that "[a]ny person aggrieved by any decision rendered by the [Taxicab] Commission may, within 10 days following the date of notice of the decision, file an appeal with the Superior Court of the Virgin Islands." As a result, the time limit imposed in 3 V.I.C. § 274(g) qualifies as a jurisdictional limitations period. Indeed, 3 V.I.C. § 274 contains no language that would indicate the Legislature intended to transform the provision into anything other than a jurisdictional limitations period.[52] Consequently, compliance with the 10 day time limit under 3 V.I.C. § 274(g) is mandatory to invoke this Court's subject matter jurisdiction.

 Because Petitioners Jean-Baptiste and Forbes' Petition for Writ of Review was filed eighteen (18) days after the date they were notified of the contested decisions rendered by the Taxicab Commission, Petitioners failed to comply with the 10 day jurisdictional limitations period set forth in 3 V.I.C. § 274(g). Consequently, the Court lacks subject matter jurisdiction to consider the merits of their appeal. Accordingly, the Court must dismiss Petitioners' Petition for Writ of Review for lack of subject matter jurisdiction.

 The Court may do so despite its October 19, 2015, Order granting the Petition for Writ of Review because "the Superior Court possesses the inherent authority to review any of its earlier interlocutory orders prior to entry of final judgment."[53]

An Order consistent with this Memorandum Opinion shall follow.

peal or seek review, particularly given that the Supreme Court issued the Memorandum Opinions distinguishing between the nature of time limits to appeal or seek review when established by statute versus court rule only nine (9) days apart, thereby indicating its holding with respect to the claims-processing rule was not meant to overrule its holding with respect to the statutory time limits. *Cf. Public Emples. Rel. Bd.*, 56 V.I. at 435 (issued on May 5, 2012) with *Bryan v. Government of the Virgin Islands*, 56 V.I. at 455-456 (issued on May 14, 2012).

[52] *See Public Emples. Rd. Bd.*, 56 V.I. at 435 ("[N]one of the parties have discussed the significance, if any, of the language in [24 V.I.C. §] 380(a) providing 'summary judgment enforcing the final order of the PERB' as a remedy in lieu of dismissal, and we decline to determine — *sua sponte* and without briefing — the novel issue of whether the Legislature, by mandating a remedy other than dismissal, has transformed what would otherwise qualify as a jurisdictional limitations period into a claims processing rule").

[53] *People of the Virgin Islands v. Armstrong*, 64 V.I. 528, 539 (V.I. 2016); *Island Tile & Marble, LLC v. Bertrand*, 57 V.I. 596, 609 (V.I. 2012) ("[A]bsent any explicit statutory or constitutional authority to the contrary, the common law confers

---

trial courts with the discretion to revise any interlocutory order at any time prior to entry of a final judgment") (citations omitted).